IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE I. MONTOYA,

    Plaintiff,

v.                                                                 No. CIV 15-365 KG/GBW

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Agency (SSA) decision to deny Plaintiff disability insurance benefits. *Doc. 17*. For the reasons discussed below, I recommend finding that the ALJ erred by failing to consider Plaintiff's recent medical records when assigning weight to the medical opinion evidence. Therefore, I recommend that the Court grant Plaintiff's motion and remand this action to the Commissioner.

### I.    Procedural History

Plaintiff filed an initial application for disability insurance benefits (DIB) on August 8, 2011, and an initial application for supplemental security income (SSI) on August 9, 2011. Administrative Record ("AR") at 287-94. Plaintiff alleged that he had a disability resulting from bipolar disorder, post-traumatic stress disorder, depression, anxiety, diabetes, liver disease, insomnia, suicidal ideation, hepatitis C, and a hearing

1

impairment.  AR at 336.  An Administrative Law Judge (ALJ) held a hearing on October 30, 2012.  AR at 62-98.  At the hearing, Plaintiff withdrew his DIB claim and the hearing proceeded on the SSI claim.  AR at 66.   On February 22, 2013, the ALJ denied Plaintiff's claim.  AR at 143-61.  On May 14, 2013, the SSA Appeals Council vacated the ALJ's decision and remanded the case.  AR at 162-64.

On April 8, 2014, Plaintiff attended a second hearing before a different ALJ.  AR at 33-61.  The ALJ issued an unfavorable decision on September 19, 2014, concluding that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled.  AR at 11-27.  Plaintiff again appealed the denial of his application to the Appeals Council, which declined review on February 25, 2015.  AR at 1-3.  Plaintiff filed suit in this Court on April 30, 2015, seeking review of the ALJ's decision.  *Doc. 1*.

**II.    STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards.  *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency."  *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotations omitted).

Substantial evidence is "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### III. PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate the opinion evidence of Dr. Gerald Russell, Mr. Chris Ruge, and the vocational experts; (2) failing to properly evaluate Plaintiff's credibility; (3) erroneously concluding that Plaintiff's mental impairments do not meet or medically equal the severity of a listed impairment; (4) improperly relying on experts who gave their opinions before a substantial amount of the medical record was developed; and (5) failing to follow the instructions of the Appeals Council on remand. Defendant argues that the ALJ: (1) reasonably evaluated the medical source opinions; (2) reasonably evaluated Plaintiff's credibility; (3) properly concluded that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment; (4) properly decided not to order additional evidence; and (5)

followed the instructions of the Appeals Council on remand.  Ultimately, I recommend finding that the ALJ's opinion must be remanded for failure to weigh the doctors' opinions in light of evidence which developed after the opinions were written, and I do not reach the other issues.

## IV.    ALJ EVALUATION

### A.  Legal Standard

For purposes of Social Security benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To determine whether a person satisfies these criteria, the SSA has developed a five-step test.  *See* 20 C.F.R. § 404.1520.  If the Commissioner finds an individual disabled at any step, the next step is not taken.  *Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairment(s) meet or equal one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  *Id.* § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d

4

1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting Social Security Ruling 82-62 (1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands. *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process. At step five, the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

**B. The ALJ's Decision**

On September 19, 2014, the ALJ issued a decision denying Plaintiff's application for benefits. AR at 11-27. In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had not

5

engaged in substantial gainful activity since his alleged onset date of June 2, 2011.  AR at 17.  At step two, the ALJ determined that Plaintiff had the following severe impairments: polysubstance dependence; antisocial personality disorder; bipolar disorder; post-traumatic stress disorder; cognitive disorder; hepatitis C; bilateral osteoarthritis to his knees; cirrhosis; and a left club foot deformity.  AR at 17-18.  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  AR at 18-20.

At step four, the ALJ determined that Plaintiff had the RFC to "perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b)," with certain listed limitations.  AR at 20-25.  The ALJ also found that Plaintiff is unable to perform any of his past relevant work.  AR at 26.  However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including positions as a metal cleaner and polisher, a warehouse checker, and a shoe packer.  AR at 26-27.

V.   ANALYSIS

Plaintiff claims that the ALJ improperly relied on medical experts who provided their opinions before a substantial amount of the medical record was developed.  In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so

6

...

is reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). While an ALJ "need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotation omitted).

An ALJ is required to "consider all medical opinions in the record," and must also discuss the weight assigned to such opinions. *Quintero v. Colvin*, 567 F. App'x 616, 620 (10th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)-(e), 416.927(c)-(e)). To determine what weight to give to a medical opinion, the ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012). The ALJ must consider opinions from non-examining sources as opinion evidence and apply the factors discussed above. *See* 20 C.F.R. § 404.1527(e). In considering medical opinions, an ALJ may not "pick and choose among medical reports, using portions of the evidence favorable to his position while ignoring other evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

Here, the ALJ gave "great weight" to the opinions of Dr. Suzanne Castro and Dr. Keith Bauer, who both concluded that Plaintiff was capable of working under certain limitations.  AR at 23.  Dr. Castro's opinion is dated September 7, 2011, and Dr. Bauer's opinion is dated November 15, 2011.  AR at 117, 129.  However, the majority of Plaintiff's mental health treatment, as evidenced by his medical record, occurred after these opinions were formed.  In January 2013, for example, Plaintiff was admitted to the New Mexico Behavioral Health Institute after expressing suicidal inclinations.  AR at 666.  At that time, Plaintiff also described depression, worrying, and occasional auditory hallucinations.  AR at 666.  Additionally, he tested positive for alcohol use, and it was apparent that he had been drinking.  AR at 666, 700.  In March 2013, Plaintiff reported that he continued to feel depressed and asked to restart therapy with a new therapist.  AR at 738.  In September 2013, Plaintiff attempted suicide and was provisionally diagnosed with major depression.  AR at 106.  Plaintiff again reported depression in October 2013.  AR at 712.

These hospital records suggest that Plaintiff's mental condition may have substantially deteriorated between 2011 and 2013.  As these records document significant events which occurred after 2011, they could not have been considered by Dr. Castro and Dr. Bauer when forming their opinions.  Although the ALJ independently considered this evidence and weighed it against conflicting evidence which supported Plaintiff's abilities, the ALJ failed to evaluate whether consideration of

8

this recent medical evidence would have impacted Dr. Castro's and Dr. Bauer's conclusions that Plaintiff could work. *See, generally*, AR at 20-25.

Despite the fact that, in forming their opinions, Dr. Castro and Dr. Bauer could not have taken into account this recent evidence of deterioration in Plaintiff's mental abilities, the ALJ nonetheless assigned their outdated opinions "great weight" and noted that the doctors "are experienced at reviewing records and assigning mental residual functional capacities." AR at 23. On the other hand, the ALJ assigned "little weight" to several more recent opinions from sources who informed their conclusions by considering the recent evidence referenced above. For example, the ALJ assigned "little weight" to the May 2013 opinion of Licensed Master Social Worker (LMSW) Debora Rodda, who concluded that Plaintiff was not "able to work due to difficulty coping with others and high stress situations associated with his diagnostic presentation." AR at 22, 730. Additionally, the ALJ assigned little weight to the opinion of nurse practitioner Chris Ruge, who examined Plaintiff in April 2014 and concluded that he was "[i]ncapable of even 'low stress' jobs" and had "difficulty just tracking and staying focused during [the] 40 minute visit." AR at 24-25, 818.

While the ALJ's ultimate assignment of weight to the various medical opinions in this case is not necessarily erroneous, the ALJ in assigning such weight should have considered how the more recent medical evidence of Plaintiff's deteriorating condition might have impacted the opinions of Dr. Castro and Dr. Bauer. *See Jaramillo v. Colvin*,

9

576 F. App'x 870, 874 (10th Cir. 2014) (noting the significance of a recent physician's examination which found more limitations than an examination by another physician two years prior). The ALJ's opinion did not demonstrate that he considered the relative age of the opinions when he determined that Dr. Castro's and Dr. Bauer's opinions, which do not reflect a significant portion of Plaintiff's current medical history, outweigh the more recent opinions of LMSW Rodda and Mr. Ruge. *See, generally*, AR 22-25. Accordingly, the ALJ erred by failing to weigh the doctors' opinions in light of the more recent medical evidence suggesting deterioration of Plaintiff's mental condition. *See, e.g., Harris v. Sec'y of Health & Human Servs.*, 821 F.2d 541, 544 (10th Cir. 1987) (an ALJ must not discount a treating physician's opinion as to the claimant's deteriorating condition in favor of the treating physician's prior finding that the claimant would be able to return to work); *Kreger v. Soc. Sec. Admin.*, No. 14-1332-RDR, 2015 WL 3514888, at *1 (D. Kan. June 4, 2015) (granting motion to remand because the ALJ "failed to properly weigh the doctors' opinions in this matter in light of evidence which developed after the opinions were written"). Based on these considerations, I recommend finding that the ALJ committed reversible error and that this case must be remanded.

## VI. CONCLUSION

For the foregoing reasons, I recommend finding that the ALJ erred in failing to consider Plaintiff's recent medical records when assigning weight to the medical

opinion evidence. Therefore, I recommend that Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 17*) be GRANTED and the action be REMANDED to the Commissioner for further proceedings.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**